[No. 18126. Department One. March 14, 1924.]

GEORGE HANSEN, *Respondent*, v. PERHAM FRUIT COMPANY *et al., Appellants.*[1]

GARNISHMENT—ACTION ON BOND—DISCHARGE OF LIABILITY—EFFECT OF STIPULATION. A garnishment bond is not discharged or the sureties released by a stipulation that a car of apples in possession of the garnishee may be sold and the proceeds paid into court to abide the result, and that none of the parties waive any of their rights by joining therein.

APPEAL (452)—REVIEW—HARMLESS ERROR—TRIAL DE NOVO. In an action tried to the court without a jury, error in admitting or excluding evidence is harmless if in any event the same result should have been reached.

GARNISHMENT—ACTION ON BOND—DAMAGES. Where plaintiff in an action on a garnishment bond stipulated that apples in the hands of the garnishee be sold and the proceeds applied, and himself purchased part of the apples at less than their value, he can not base a claim for damages on the sale to himself.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 23, 1923, upon findings in favor of the plaintiff, in an action on a garnishment bond, tried to the court. Modified.

[1]Reported in 223 Pac. 1036.

*Byers & Byers,* for appellants.
*Philip Tworoger,* for respondent.

TOLMAN, J.—This is an action on a garnishment bond in which respondent, as plaintiff, sought the recovery of damages for the wrongful suing out of the writ of garnishment. From a judgment against them as principal and sureties on the bond, in the sum of $449.74 and costs, the defendants have appealed.

It seems to be conceded that the writ of garnishment was wrongfully sued out, and the matters now in issue grow out of the fact that the writ was directed to and served upon a railway company which had in its possession a carload of apples shipped by respondent from Yakima and consigned to one Johnson at Seattle. The freight had not been paid, and the railway company had advanced respondent a ticket to Seattle on the strength of the shipment. After the arrival of the car in Seattle, and learning that it was held by the railway company because of the garnishment, the parties to the original action entered into a stipulation as follows:

"Whereas, a writ of garnishment has been issued in the above entitled action directed to the Northern Pacific Railway Company, under which writ of garnishment they are now holding possession of an Erie car No. 66840 now on their tracks in the city of Seattle, which said car of apples has been consigned to one Fred Johnson, and

"Whereas the defendant in this action claims to have some interest in said apples, but that other parties also claim to have an interest in said apples, and

"Whereas it is necessary that said apples be disposed of at once and turned into money to save costs and depreciation,

"Now, Therefore, it is agreed by and between the parties to the above action through their respective attorneys undersigned, that joint control may be exercised by the plaintiff and defendant in disposing of said car of apples, and that the said plaintiff at its option can and does appoint D. H. Smith to represent it in the sale and disposal of said apples.

"It is further agreed by the parties hereto that out of the first moneys received from the sale of said apples the freight charges, amounting to $117.17, shall be paid to the Northern Pacific Railway Company, and that the apples already contracted for and sold by the defendant George Hansen may be immediately delivered to the purchasers upon payment of the purchase price, and the Northern Pacific Railway Company be and hereby is authorized to surrender said car and is released as garnishee herein.

"It is further agreed that none of the parties hereto waive any rights they may have under and by virtue of the above entitled action or the garnishment issued herein by virtue of this stipulation.

"It is further agreed by the parties hereto that the proceeds of said apples, except the payment of freight charges, shall be paid into court to await the result and determination of the above entitled action.

"Dated at Seattle, Washington, this 1st day of November, 1921."

In their answer appellants plead this stipulation and that the reasonable value of the apples was realized thereunder and disposed of as therein provided, as a defense to the action, seeming to contend that the stipulation superseded, took the place of, and discharged the bond. We cannot so hold. The respondent's dominion over the apples was ousted by the writ of garnishment issued in pursuance of the bond, and plainly the stipulation was entered into, not to restore his absolute dominion over the apples—joint control could not do that—but to minimize the damages, and the stipulation itself in terms provides that none of

the parties waive any rights growing out of the garnishment proceedings by joining therein.

It is earnestly contended that the trial court erred in the admission and rejection of evidence. This was a case tried to the court sitting without a jury, and a careful examination has convinced us that, while some immaterial testimony may have been received, that can be disregarded without changing the results, under our familiar rule. Nor was anything offered and rejected which would, if received, incline us to reach a conclusion different from that reached by the trial court.

It does appear, however, that, of the apples disposed of under the stipulation, fifty boxes were sold to respondent at sixty-five cents per box. Clearly, if this sale was for less than the value, respondent, as the purchaser, reaped the profit which otherwise he would have received as the original owner. In other words, the trial court found the average value of the apples to be $1.21 per box. If these fifty boxes had been sold for that price instead of for sixty-five cents per box, the amount paid into court, after deducting the expenses, would have been increased by the difference, or sixty-five cents on each of the fifty boxes, or $28, and on the dismissal of the action respondent would have received $28 more than he did receive from the registry of the court. But, having received as purchaser fifty boxes worth $1.21 per box, for which he paid but fifty-six cents per box, he is in exactly the same position, and therefore cannot recover damages based on the sale to himself.

We have considered the other matters raised by the appellants, but find in none of them anything warranting further discussion, or any other change in the results.

The judgment will be modified by deducting $28 therefrom. In all other respects it will stand affirmed. Neither party will recover costs on this appeal.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PEMBERTON, JJ., concur.